# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DANIEL CASIMIRO TRINIDAD,

Petitioner,

v.

WARDEN, CALIFORNIA CITY DETENTION FACILITY,

Respondent.

Case No. 1:26-cv-05420-KES-EPG-HC

ORDER FOR SUPPLEMENTAL BRIEFING REGARDING RESPONDENT'S MOTION TO VACATE NO-TRANSFER ORDER

Petitioner is an immigration detainee proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On July 14, 2026, the Court ordered that "Respondents shall NOT TRANSFER Petitioner out of this District." (ECF No. 5.) On July 29, 2026, Respondent filed a motion to vacate the no-transfer order because "Petitioner is subject to a final order of removal, which was entered in Absentia" and "[i]n-absentia removal orders are administratively final immediately upon issuance. 8 C.F.R. § 1241.1(e)." (ECF No. 9 at 1.[1]) Per the Court's order, Respondent filed a copy of the removal order on July 31, 2026. (ECF Nos. 10, 11.)

The removal order states that "[d]espite the written notification provided, [Petitioner] failed to appear at the hearing, and no exceptional circumstances were shown for the failure to appear. INA § 240(e)(1). Therefore, the immigration court conducted the hearing in absentia

[1] Page numbers refer to the ECF pagination stamped at the top of the page.

pursuant to INA § 240(b)(5)(A).” (ECF No. 11 at 3.) At the hearing, the immigration judge found removability established as charged and ordered Petitioner removed to Mexico. (ECF No. 11 at 3–4.)

However, Petitioner is currently detained at the California City Immigration Processing Center. (ECF No. 1 at 2.) Accordingly, it appears that responsibility for any failure to appear at the hearing would fall on Petitioner’s custodial officer and thus, it is unclear why a removal order was issued *in absentia*.[2]

Further, Respondent asserts that *in absentia* removal orders are administratively final immediately upon issuance. (ECF No. 9 at 1.) An *in absentia* removal order may be rescinded:

> (i) upon a motion to reopen filed within 180 days after the date of the order of removal if the alien demonstrates that the failure to appear was because of exceptional circumstances (as defined in subsection (e)(1)), or
>
> (ii) upon a motion to reopen filed at any time if the alien demonstrates that the alien did not receive notice in accordance with paragraph (1) or (2) of section 1229(a) of this title or the alien demonstrates that the alien was in Federal or State custody and the failure to appear was through no fault of the alien.

8 U.S.C. § 1229a(b)(5)(C). The Ninth Circuit has held:

> A removal order “become[s] final upon the earlier of (i) a determination by the [BIA] affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the [BIA].” 8 U.S.C. § 1101(a)(47)(B); *see* 8 C.F.R. § 1003.39. Because in absentia removal orders may not be appealed to the BIA without first filing a motion to reopen the order before the IJ within 180 days of the order, 8 U.S.C. § 1229a(b)(5)(C)(i); *In re Guzman-Arguera*, 22 I. & N. Dec. at 723, if the petitioner does *not* timely file such a motion before the IJ the order becomes final at the end of the 180-day period. “[T]he period in which the alien is permitted to seek review of such order by the [BIA]” also expires at that time, *id.* § 1101(a)(47)(B)(ii), because, while the alien *could have* sought BIA review *after* first exhausting her motion to reopen before the IJ, once the petitioner fails to file a timely motion with the IJ under § 1229a(b)(5)(C)(i), the ability to ultimately appeal to the BIA expires along with the 180-day deadline to seek reopening before the IJ.

---

[2] It appears that the immigration court was aware that Petitioner is detained given that the removal order was served on Petitioner through the custodial officer. (ECF No. 11 at 2.) As Respondent has not provided the Court with a recording of the hearing, it is unclear whether the failure to appear was in fact caused by Petitioner.

Cui v. Garland, 13 F.4th 991, 996 (9th Cir. 2021).

Here, given that Petitioner was in U.S. Immigration and Customs Enforcement ("ICE") custody at the time the *in absentia* removal order was issued, it appears that Petitioner may file a motion to reopen at any time. 8 U.S.C. § 1229a(b)(5)(C)(ii). Therefore, it appears that Petitioner's *in absentia* removal order is not administratively final.

The Court finds that supplemental briefing would assist the Court in this matter. In the supplemental brief, Respondent should address: (1) the validity of the *in absentia* removal order given that Petitioner was in ICE custody when it issued; and (2) the administrative finality of the *in absentia* removal order.

Accordingly, the Court HEREBY ORDERS that within **SEVEN (7) days** of the date of service of this order, Respondents SHALL FILE a supplemental brief addressing the issues set forth above.

IT IS SO ORDERED.

Dated: **August 12, 2026**

/s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE