# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL CASIMIRO TRINIDAD,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY DETENTION FACILITY,<br><br>Respondent. | Case No. 1:26-cv-05420-KES-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO DENY RESPONDENT'S MOTION TO DISMISS, DENY PETITION FOR WRIT OF HABEAS CORPUS, AND DENY MOTION TO VACATE NO-TRANSFER ORDER AS MOOT<br><br>(ECF Nos. 1, 8, 9)<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL<br><br>(ECF No. 3) |

Petitioner is an immigration detainee proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons set forth herein, the undersigned recommends denying Respondent's motion to dismiss, denying the petition for writ of habeas corpus, and denying Respondent's motion to vacate no-transfer order as moot.

## I.

## BACKGROUND[1]

Petitioner is a noncitizen who has entered the United States at an unknown date and unknown location without being inspected, admitted, or paroled by an immigration official. On March 22, 2026, Enforcement and Removal Operations ("ERO") received a Temporary Custody

[1] As the pleadings in the instant matter lack allegations regarding the factual background, the Court relies on Petitioner's earlier-filed case for this summary.

Record from the Clark County Detention Center ("CCDC") regarding Petitioner's arrest for driving under the influence, and ERO lodged an immigration detainer. On March 23, 2026, ERO transported Petitioner from CCDC to the Las Vegas ERO office for further processing. Petitioner is currently detained at the California City Detention Center. Casimiro-Trinidad v. U.S. Gen. Att'y, No. 1:26-cv-02974-KES-EPG-HC, 2026 WL 1362987, at *1 (E.D. Cal. May 15, 2026), report and recommendation adopted, 2026 WL 1420095 (E.D. Cal. May 20, 2026).

On April 20, 2026, Petitioner filed his first petition for writ of habeas corpus challenging his immigration detention. Casimiro-Trinidad, 2026 WL 1362987, at *1. On May 20, 2026, the Court granted the petition and ordered Petitioner be provided with a bond hearing pursuant to 8 U.S.C. § 1226(a). Casimiro-Trinidad, 2026 WL 1420095, at *1.

On June 3, 2026, Petitioner was provided a bond hearing and an immigration judge ("IJ") granted Petitioner $20,000 bond. On June 11, 2026, Petitioner filed a motion to enforce arguing that he was not provided 48 hours' written notice as required by the Court's order. On July 6, 2026, the Court granted Petitioner's motion to enforce and ordered that Petitioner be provided "with a new bond hearing where he may request a lower bond amount[.]" (ECF No. 8-1 at 3–4.[2]) On July 14, 2026, a second bond hearing was held and the IJ did not reduce the previously set bond amount because Petitioner "did not provide the Court with any financial documents to change the prior bond" and "failed to provide documents regarding a viable, reliable sponsor and their financial circumstances to merit the lowering of the bond." (ECF No. 8-2 at 2.)

On July 13, 2026, Petitioner filed his second petition for writ of habeas corpus raising a prolonged detention due process claim. (ECF No. 1.) On July 14, 2026, the Court ordered that Respondent not transfer Petitioner out of this district pending the Court's ruling on the petition and referred the matter to the magistrate judge. (ECF No. 5.) On July 23, 2026, Respondent filed a motion to dismiss. (ECF No. 8.)

On July 28, 2026, an IJ issued an *in absentia* removal order. (ECF No. 11.) On July 29, 2026, Respondent filed a motion to vacate the no-transfer order in light of the removal order. (ECF No. 9.) On August 24, 2026, Respondent filed a supplemental brief regarding the *in*

[2] Page numbers refer to ECF page numbers stamped at the top of the page.

*absentia* removal order. (ECF No. 20.) On September 15, 2026, Petitioner filed a response to the supplemental brief. (ECF No. 21.)

## II.

## DISCUSSION

### A. Successive Petition

Respondent argues that the petition should be dismissed pursuant to 28 U.S.C. § 2244(a). (ECF No. 8 at 2–3.) "However, § 2244(a) cannot apply to a § 2241 petition filed by an [immigration] detainee . . . because § 2244(a) bars successive petitions seeking review of the propriety of a detention '*pursuant to a judgment of a court of the United States.*'" Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir. 2000) (emphasis in original). Petitioner's immigration detention is "not pursuant to a judgment of a court of the United States. As such, the district court [would] err[] in applying AEDPA's gatekeeping provisions to [Petitioner]'s § 2241 petition." Barapind, 225 F.3d at 1111. Accordingly, the undersigned recommends finding that dismissal is not warranted pursuant to 28 U.S.C. § 2244(a).

### B. Abuse of Writ

Respondent also argues that the petition should be dismissed as an abuse of the writ. (ECF No. 8 at 2–3.) The common law "doctrine of abuse of the writ generally 'forbids the reconsideration of claims that were or could have been raised in a prior habeas petition.'" Alaimalo v. United States, 645 F.3d 1042, 1049 (9th Cir. 2011) (citation omitted). A "successive petition that raises identical grounds for relief as a prior petition must be dismissed unless the petitioner can show (1) cause for bringing a successive petition and that prejudice would result or (2) that a fundamental miscarriage of justice would result from failure to entertain the claim." Alaimalo, 645 F.3d at 1049 (citations omitted).

In both his first and second petitions, Petitioner challenges his immigration detention. With respect to Petitioner's first habeas petition, the Court found that "the statutory basis of Petitioner's detention is 8 U.S.C. § 1226(a), which provides for release on bond or conditional parole, and thus, Petitioner is entitled to habeas relief on the construed claim challenging the statutory authority of his detention." Casimiro-Trinidad, 2026 WL 1362987, at *3. In his second

habeas petition, Petitioner raises a prolonged detention due process claim. (ECF No. 1 at 6–17.) As a prolonged detention claim is inherently dynamic and evolves as the time in detention grows longer, the undersigned recommends finding that dismissal is not warranted under the abuse of writ doctrine.

**C. Exhaustion**

Respondent also argues that "Petitioner here has not pursued appeal of his bond hearing decision" and thus, "Petitioner's administrative remedies are not exhausted" and "dismissal is the proper disposition of this petition." (ECF No. 8 at 4.)

"As a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012) (citations omitted). However, because it is not a jurisdictional prerequisite, exhaustion can be waived. Id. (citations omitted). "Courts may require prudential exhaustion if":

> (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.

Puga v. Chertoff, 488 F.3d 812, 815 (9th Cir. 2007) (citations omitted)). "Nonetheless, even if the three *Puga* factors weigh in favor of prudential exhaustion, a court may waive the prudential exhaustion requirement if 'administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void.'" Hernandez v. Sessions, 872 F.3d 976, 988 (9th Cir. 2017) (quoting Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004)).

Respondent's exhaustion argument relies on Petitioner having "not pursued appeal of his bond hearing decision." (ECF No. 8 at 4.) However, the instant petition does not challenge any bond hearing decision[3] but rather raises a prolonged detention due process claim. "The prudential

[3] The Court declines to construe the petition as raising a challenge to the bond hearing decision. See Gateb v. Gentry, 700 F. App'x 667, 668 (9th Cir. 2017) ("Even though pro se habeas petitions are 'given the benefit of liberal construction,' *Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010), this 'liberal

exhaustion requirement does not preclude review of the petition. Petitioner raises a constitutional claim regarding his detention . . . and the immigration court does not have jurisdiction to address constitutional issues." Arikapudi v. Andrews, No. 1:26-cv-05805-KES-EGC (HC), 2026 WL 2368115, at *2 (E.D. Cal. Aug. 16, 2026). Accordingly, the undersigned recommends finding that any prudential exhaustion requirement should be waived and dismissal is not warranted on this ground.

**D. Prolonged Detention**

In the Court's previous order granting the first petition, the Court rejected Respondents' argument that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b). Casimiro-Trinidad, 2026 WL 1362987, at *3. Petitioner is subject to discretionary detention under § 1226(a). "The detention of aliens during removal proceedings has long been upheld as a permissible exercise of the political branches' authority over immigration," and the Ninth Circuit has held that 8 U.S.C. § 1226(a), which "offers substantial procedural protections to detained persons," is not facially unconstitutional. Rodriguez Diaz v. Garland, 53 F.4th 1189, 1193–94 (9th Cir. 2022). In Rodriguez Diaz, the Ninth Circuit denied the petitioner's prolonged detention claim and held that due process did not require a second § 1226(a) bond hearing for a petitioner who had been detained for over fourteen months after his first § 1226(a) bond hearing. 53 F.4th at 1207–14. Petitioner has not established that his case is distinguishable from Rodriguez Diaz, and he has been detained for three months after his first bond hearing, far less than the fourteen months in Rodriguez Diaz. Accordingly, the undersigned recommends finding that Petitioner is not entitled to relief on his prolonged detention due process claim.

**E. Motion to Vacate No-Transfer Order**

Respondent has moved to lift the no-transfer order. (ECF No. 9.) As this findings and recommendation addresses the merits of the petition, the undersigned recommends denying Respondent's motion as moot given that the matter will be fully resolved upon the district judge's review and the Court's prohibition against transfer will thus no longer be in effect.

---

interpretation ... may not supply ... [a] claim that [was] not initially pled.' *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).").

**F. Motion for Appointment of Counsel**

Petitioner has moved for appointment of counsel. (ECF No. 3.) There currently exists no absolute right to appointment of counsel in habeas proceedings. See, e.g., Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the proceeding for financially eligible persons if "the interests of justice so require." See Rule 8(c), Rules Governing Section 2254 Cases. To determine whether to appoint counsel, the "court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

As set forth above, habeas relief is not warranted, and thus, Petitioner does not demonstrate a likelihood of success on the merits such that the interests of justice require the appointment of counsel. Accordingly, the undersigned will deny Petitioner's motion for appointment of counsel.

**III.**

**RECOMMENDATION & ORDER**

Accordingly, the undersigned HEREBY RECOMMENDS that:

1. Respondent's motion to dismiss (ECF No. 8) be DENIED;
2. The petition for writ of habeas corpus (ECF No. 1) be DENIED;
3. Respondent's motion to vacate no-transfer order (ECF No. 9) be DENIED as moot.

Further, Petitioner's motion for appointment of counsel (ECF No. 3) is DENIED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections, **no longer than fifteen (15) pages, including exhibits**, with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed

within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 7, 2026**

/s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE